# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JEFFERY WEBB,                                                                                              PLAINTIFF
ADC #551387

V.                                          4:14CV00402-BRW-JJV

DOC HOLLIDAY,
Pulaski County Sheriff; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Jeffery Webb ("Plaintiff") was, at the times relevant to this lawsuit, an inmate of the Pulaski County Detention Facility.  He filed this action pursuant to section 1983 and alleges the conditions of his confinement at the facility were constitutionally inadequate.  Now, Defendants[1] Doc Holliday, Nancy Brawley, and Shawn Smith have motioned for summary judgment. (Doc. No. 53.) Plaintiff has not responded and the time for doing so has passed.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the

---

[1]The docket does not currently reflect the correct names for each of these defendants. The Clerk of Court shall alter it to reflect full names and proper spellings.

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Pursuant to their Motion, Defendants argue they are entitled to qualified immunity from Plaintiff's individual capacity claims. Additionally, they contend Plaintiff has failed to raise any viable official capacity claims. I find, for the reasons stated hereafter, that Defendants' arguments have merit and their Motion for Summary Judgment should be granted.

### A.   Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

It is settled law that "[t]he Eighth Amendment standard for conditions of confinement is whether the defendants acted with deliberate indifference." *Davis v. Or. County*, 607 F.3d 543, 548 (8th Cir. 2010). A defendant is guilty of deliberate indifference if he "knows of and disregards a substantial risk of serious harm to an inmate." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (internal quotations omitted). "There is both an objective component and a subjective component to a claim of deliberate indifference . . . : (1) whether a substantial risk to the inmate's safety existed, and (2) whether the officer had knowledge of the substantial risk to the inmate's safety but nevertheless disregarded it." *Davis*, 607 F.3d at 548.

1.     Defendants Holliday and Smith

Plaintiff has failed to allege that Defendants Holliday or Smith had any awareness of or personal involvement in addressing his conditions of confinement. His Third Amended Complaint (Doc. No. 21) alleges only that he submitted several grievances regarding the condition of his cell

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

to Defendant Brawley who "is under the authority of Doc Holliday [and] Shawn Smith." (*Id*. at 4.) There is no section 1983 *respondeat superior* liability. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Absent evidence or plausible allegations that Defendants Holliday and Smith had awareness of Plaintiff's allegedly unconstitutional conditions of confinement, I conclude that neither was deliberately indifferent to any risk of substantial harm.

   2.   Defendant Brawley

   Defendant Brawley was made aware of Plaintiff's issues by way of the prison grievance system. Plaintiff filed a grievance on June 10, 2014, alleging that his cell needed cleaning. (Doc. No. 55-1 at 30.) Defendant Brawley responded on June 17, 2014, and stated that the matter would be addressed by 'both shifts' and, absent extenuating circumstances, cell cleaning would be conducted daily. (*Id*. at 26.) Plaintiff also filed a second grievance on June 10, 2014, in which he alleged he requested a cell cleaning from 'Officer Irby.' (*Id*. at 22.) On June 19, 2014, Defendant Brawley responded and noted the matter had been referred to the proper authorities. (*Id*. at 21.) Plaintiff's third relevant grievance was submitted on June 18, 2014, and alleged that his cell had not been cleaned in over two weeks. (*Id*. at 33.) In her June 26, 2014, response, Defendant Brawley again indicated the matter would be referred to the proper authorities. (*Id*. at 32.)

   First, there is no section 1983 liability for responding to a grievance, even if the response in question is a denial. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Moreover, the record indicates that Defendant Brawley promptly responded to Plaintiff's complaints. Plaintiff acknowledges in a grievance appeal that his cell was cleaned on June 19, 2014. (Doc. No. 55-1 at 26.) It bears noting that deliberate indifference "requires proof of a reckless disregard of the known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (internal quotations omitted). Nothing in the record indicates Defendant Brawley exhibited such disregard toward the complaints

Plaintiff raised in his grievances.  Absent evidence or compelling argument from Plaintiff to the contrary, I find Defendant Brawley is entitled to qualified immunity.

**B.      Official Capacity Claims**

Plaintiff's official capacity allegations are, in essence, claims against Pulaski County itself. *Liebe v. Norton*, 157 F.3d 574, 578-9 (8th Cir. 1998).  In order to state a successful claim against a county defendant, a plaintiff must establish that some county policy or "persistent and widespread" unconstitutional practice was the cause of his alleged injury.  *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990).  Plaintiff has failed to allege the existence of such a custom or practice in the instant case.  Accordingly, his official capacity claims must be dismissed.

**IV.      CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      The Clerk of Court should alter the docket to reflect that Defendant "Doc Holiday" is appropriately "Doc Holliday" and  Defendant "Brawley" is "Nancy Brawley";

2.      Defendants' Motion for Summary Judgment (Doc. No. 53) should be GRANTED;

3.      Defendants Doc Holliday, Nancy Brawley, and Shawn Smith should be DISMISSED with prejudice;

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 23rd day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE